T.C. Memo. 2012-299

UNITED STATES TAX COURT

SCOTT CHRUSH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23870-10.                    Filed October 25, 2012.

Scott Chrush, pro se.

<u>Sarah E. Sexton</u> and <u>Rebecca S. Duewer-Grenville</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2008

Federal income tax of $46,221 and an accuracy-related penalty of $9,244.

**[*2]** The issues for decision are whether petitioner (1) is entitled to claimed business expense and personal deductions and (2) is liable for the penalty.[1]

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2008, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts have been rounded to the nearest dollar.

Petitioner bears the burden of proof. See Rule 142(a).[2]

FINDINGS OF FACT

Petitioner resided in San Francisco, California, at the time he filed the petition.

During 2008, petitioner earned $46,077 as an employee of Lakespur Hotels.

Petitioner timely filed his 2008 Form 1040, U.S. Individual Income Tax Return, on which he claimed the filing status "Single" and reported total tax of $274. Attached to his Form 1040 were various forms, including a Schedule A,

---

[1]There are also certain computational adjustments that follow from the adjustments at issue, but they are not in controversy and we need not discuss them.

[2]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. We conclude that sec. 7491(a) does not apply here because petitioner has not produced any evidence that he has satisfied the preconditions for its application.

**[\*3]** Itemized Deductions, a Schedule C, Profit or Loss From Business (Sole Proprietorship), and Form 8829, Expenses for Business Use of Your Home.

On his Schedule C, petitioner claimed a business loss of $7,592 from C M Management Co. (C.M. Management), therein described as a real estate consulting business. Petitioner claimed business expense deductions for advertising, commissions and fees, contract labor, legal and professional services, office expenses, supplies, taxes and licensing, travel, and meals and entertainment, totaling $89,820.

He also claimed a $44,128 deduction for the business use of 500 square feet of his 1,700-square-foot home in San Francisco. Petitioner coowned the home with Jin H. Zhao (Ms. Zhao). Petitioner and Ms. Zhao were coborrowers on a home equity loan with respect to the house.

Michael Zhao (Mr. Zhao), a close friend of petitioner, did the bookkeeping for C.M. Management.

Petitioner claimed deductions on Schedule A of $88,805 for qualified residence interest with respect to his house and $2,296 for job expenses and certain miscellaneous expenses.

**[*4]** Respondent examined the return and determined a deficiency in tax principally on the ground that petitioner had not substantiated the claimed deductions.

## OPINION

I.   Deductions

   A.   Schedule C Business Expense Deductions

Petitioner claimed the following business expense deductions on Schedule C:

| Category | Amount |
| --- | --- |
| Advertising | $7,500 |
| Commissions and fees | 75,000 |
| Contract labor | 700 |
| Legal and professional services | 2,500 |
| Office expenses | 1,200 |
| Supplies | 700 |
| Taxes and licensing | 120 |
| Travel | 350 |
| Meals and entertainment | 1,750 |

In general, section 162 allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". When called upon by the Commissioner, a taxpayer must

[*5] substantiate his expenses.  See, e.g., Good v. Commissioner, T.C. Memo. 2008-245; see also sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Moreover, certain deductions, including those relating to travel, meals, and entertainment, are subject to strict substantiation requirements.  See sec. 274(d).

Petitioner has not adequately substantiated any of his claimed deductions.  He has not provided any records, receipts, canceled checks, or other evidence to support his claimed expenditures on advertising, commissions and fees, contract labor, legal and professional services, or taxes and licensing.  Nor has he attempted to justify his lack of such support.  At trial, petitioner offered only the testimony of Mr. Zhao, who testified that the advertising expenses had been paid using an American Express credit card, but neither petitioner nor Mr. Zhao provided a credit card statement or any other records to support that claim.

In support of the deductions claimed for office expenses, supplies, meals and entertainment, and travel expenses, petitioner submitted over 40 uncategorized pages of photocopied receipts, many of which are partially or completely unreadable.  Some of the receipts bear (for the most part, illegible) handwritten notations of names or other information.  Petitioner did not explain, except at a general level, what the receipts were for or how they represent expenses ordinary and necessary to his loan processing business.  See Patterson v. Commissioner,

[*6] T.C. Memo. 1979-362 (disapproving "shoebox method"). Nor did petitioner attempt to demonstrate that he, and not another person, paid the amounts claimed. With respect to the claimed meal, entertainment, and travel expenses, petitioner has additionally failed to provide the adequate records or other corroborating evidence required by section 274(d).

Thus, petitioner has failed to substantiate his claimed business expenses. With respect to the expenses not covered by section 274(d), this Court may estimate the amount of allowable deductions where there is evidence that deductible expenses were incurred. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order to do so, however, we must have some basis upon which to make such an estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Because the record in this case provides us with no such basis, we conclude that petitioner has failed to prove that he is entitled to deduct any of the expenses reported on the Schedule C. Therefore, we sustain respondent's disallowance of the business expense deductions.

B.    Business Use of Home

On the Schedule C and Form 8829 attached to his 2008 return, petitioner claimed a deduction of $44,128 for the business use of his home, on the basis of the use of 500 square feet, or 29.41%, of that 1,700-square-foot home.

[*7]    Section 280A generally provides that no deduction otherwise allowable shall be allowed with respect to the business use of a taxpayer's residence.  Sec. 280A(a). One exception to that prohibition is that, subject to certain limitations, a deduction may be claimed to the extent it is allocable to a portion of a dwelling unit which is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer.  Sec. 280A(c)(1)(A).  Thus, in order to qualify under section 280A(c)(1)(A), petitioner must show that the claimed portion of his home was used exclusively and regularly as C.M. Management's principal place of business.

The only evidence offered in support of petitioner's claim that he qualifies for a deduction under section 280A is the testimony of Mr. Zhao, petitioner's bookkeeper and close friend.  Mr. Zhao merely reiterated petitioner's claim that 500 square feet of the home was used exclusively as a home office.  He produced no books, records, or other documentation in support of that claim.  Mr. Zhao admitted that he never measured the area himself but relied on appraisals of the home.  He did not provide copies of the appraisals.  Given Mr. Zhao's close relationship with petitioner and his failure to provide any documentary evidence, despite his role as C.M. Management's bookkeeper, we give his testimony little weight.

**[\*8]**   Petitioner offered no other evidence showing that the area claimed was the principal place of business for C.M. Management or that it was used exclusively for that purpose.  Thus, petitioner is not entitled to deduct the home office expense.  We sustain respondent's disallowance of the deduction.

C.   Mortgage Interest Deductions

Petitioner claimed mortgage interest deductions on Schedule A totaling $14,009 for home mortgage interest reported on Form 1098, Mortgage Interest Statement, and $74,796 for home mortgage interest not reported on Form 1098.

Subject to certain limitations, section 163(h)(2)(D) allows a deduction for qualified interest paid on acquisition indebtedness or home equity indebtedness with respect to a qualified residence.  See also sec. 163(h)(3).  Where the mortgaged property is jointly owned and the coowners are jointly liable on the mortgage each owner is entitled to a deduction for the mortgage interest that he actually pays out of his own funds.  E.g., Petrie v. Commissioner, T.C. Memo. 1995-592, 1995 WL 735304, at \*5.

Petitioner has failed to substantiate his payment of any mortgage interest during 2008.  Petitioner submitted to respondent a Form 1098, issued to himself and Ms. Zhao, reporting only $5,958 in interest paid for 2008, not the $14,009 stated on petitioner's tax return.  Moreover, he has provided no evidence

[*9] demonstrating that he, rather than Ms. Zhao, paid that interest. Petitioner has not produced any other Forms 1098. He has similarly failed to produce any bank statements, canceled checks, or other evidence demonstrating that he paid any portion of the claimed interest not reported on Form 1098.[3] Accordingly, petitioner has failed to prove that he is entitled to a deduction for his alleged payment of home mortgage interest.

D.    Other Itemized Deductions

Petitioner also claimed itemized deductions of $2,296 for job expenses and certain miscellaneous expenses. Those miscellaneous expenses include $75 in tax preparation fees, $2,500 in legal expenses, and $650 in other expenses, before the application of the 2% floor. Petitioner offers no credible evidence in support of any of those claimed deductions. He has failed to provide any evidence that would permit us to estimate his allowable deductions under Cohan. Therefore, we sustain respondent's disallowance of the deductions.

---

[3]Petitioner also submitted into evidence an interest only fixed rate note and a home equity credit line agreement and disclosure statement, both of which name petitioner and Ms. Zhao as borrowers. Neither document is signed and, even if they were signed, they would show only that petitioner incurred the debt, not whether the interest had been paid. We accept neither as proving that petitioner paid any interest.

[*10] II.    Section 6662(a) Penalty

Section 6662(a) and (b)(1) and (2) provides for an accuracy-related penalty (the penalty) of 20% of the portion of any underpayment attributable to, among other things, negligence or intentional disregard of rules or regulations (without distinction, negligence) or any substantial understatement of income tax. A substantial understatement of income tax exists for an individual if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d)(1)(A).

Section 6664(c)(1) provides that the penalty shall not be imposed with respect to any portion of an underpayment if the taxpayer shows that there was reasonable cause for, and that he acted in good faith with respect to, that portion.

> The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. * * * Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of * * * law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer. * * *

Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent bears the burden of production with respect to the penalty. See sec. 7491(c). The burden imposed by section 7491(c) is "only to come forward with evidence regarding the appropriateness of applying a particular addition to

[*11] tax or penalty to the taxpayer." Good v. Commissioner, T.C. Memo. 2008-245, 2008 WL 4756483, at *9.  Once that burden is met, petitioner bears the burden of proving that he is entitled to relief under section 6664(c)(1).  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Respondent has established that petitioner's understatement of income tax for 2008 is substantial.  Petitioner reported his taxes for 2008 to be $274.  Respondent determined, and we have sustained, a deficiency of $46,221.  Thus, petitioner's understatement exceeds both 10% of the correct tax and $5,000.[4]  Respondent has satisfied his burden of production.  To avoid the penalty, petitioner must come forward with evidence that he acted with reasonable cause and in good faith.

Petitioner did not specifically address the section 6662(a) penalty either at trial or in his brief, and the evidence before us fails to demonstrate that he acted with reasonable cause or in good faith.  Petitioner has failed to carry his burden of showing that he is entitled to relief under section 6664(c)(1).  Therefore, we sustain respondent's imposition of the 6662(a) penalty.

---

[4]Because we find that petitioner substantially understated his income tax, we need not consider whether he was negligent within the meaning of sec. 6662(b)(1).

**[*12]** III.    <u>Conclusion</u>

We sustain respondent's adjustments disallowing petitioner's Schedule C and Schedule A deductions.  We also sustain respondent's determination of a section 6662(a) accuracy-related penalty.

<u>Decision will be entered for</u>

<u>respondent</u>.